UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

    Case No. 2:13-cr-2
    HON. ROBERT HOLMES BELL

ROBERT KELLY EVERSON,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

On March 19, 2013, defendant Robert Kelly Everson was charged with Possession of a Firearm Following a Felony Conviction, in violation of 18 U.S.C. §§ 921(a), 922(g)(1), and 924(a)(2). Defendant filed a Motion to Suppress on May 2, 2013. An evidentiary hearing was held before the undersigned on July 1, 2013. Thereafter, the parties filed supplemental briefs, and on September 19, 2013, I issued a Report and Recommendation recommending that defendant's Motion to Suppress be granted in part and denied in part. Objections were filed by both the government and defendant. On October 21, 2013, the Honorable Robert Holmes Bell, United States District Judge, issued an Opinion concluding that defendant's objections to the Report and Recommendation were without merit. The matter was remanded for reconsideration of the government's objections to the undersigned's "implicit conclusion that defendant's written statements regarding his possession of the handgun are inadmissible."

The factual findings of my earlier Report and Recommendation are adopted for purposes of this Report and Recommendation. On remand, the issue is whether or not the written

statement made by defendant after he was released from custody should be suppressed. The facts establish that following plaintiff's arrest, he was questioned without Miranda warnings and admitted that he had a gun in his residence. It was my recommendation, adopted by the District Judge, that the subsequent Miranda warnings were ineffectual and procedurally improper and required suppression of the later statement regarding the handgun found in the kitchen. My earlier recommendation related to the oral statements by defendant while he was still in custody.

Defendant was initially arrested after a LEIN search revealed that defendant had a suspended license. It was later discovered that defendant did not have a suspended license and defendant was informed of the mistake. Defendant was informed he was not under arrest and ATF Agent Petschke indicated that he was not planning on arresting defendant. After defendant was informed he was no longer under arrest, defendant entered his residence through a window and then open the door for the officers and let them inside. Thereafter, defendant voluntarily informed the officers that he had a pen gun and made a written statement to Agent Petschke. When defendant made the written statement, he was no longer in custody.

The government maintains that defendant's written statements should not be suppressed because defendant was no longer in custody when he made the written statement and because he made the written statement voluntarily after he was informed that he was no longer under arrest. Having carefully reviewed the testimony provided at the hearing, I conclude that defendant's initial unwarned statements were given without any actual coercion or other circumstances calculated to undermine the defendant's ability to exercise his free will. I further find that defendant knew he was no longer in custody, he was not coerced, and that he voluntarily made the written statement

after inviting the police officers into the residence. Accordingly, pursuant to *Oregon v. Elstad*, 470 U.S. 298 (1985), it is my recommendation that defendant's written statement not be suppressed.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

/s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated: October 22, 2013